FILED
SEP 2 8 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Jackie Ray Elston,<br><br>     Debtor. | Case No. 06-21554-D-13L<br>Docket Control No. [none]<br><br>Date: Sept. 26, 2006<br>Time: 1:00 p.m.<br>Dept: D |

### MEMORANDUM DECISION

On July 12, 2006, Jackie Ray Elston (the "Debtor") filed her Motion for [Order] Determining Value of Collateral and Allowing Deficiency as an Unsecured Claim (the "Motion"). In the Motion, the Debtor requests that the collateral of Wells Fargo Financial ("WFF") be valued and the deficiency amount be allowed as an unsecured claim in her chapter 13 case. Because the Motion is procedurally defective, as explained below, the court will deny the Motion without prejudice.

The Motion is a request under section 506(a) of the Bankruptcy Code for determination of the value of WFF's collateral and secured claim in the Debtor's case. The Motion is a contested matter governed by Local Bankruptcy Rule ("LBR") 9014-1, and by Federal Rule of Bankruptcy Procedure ("Rule") 3012.

Under LBR 9014-1(c), "a Docket Control Number (designated as DC No.) shall be included by all parties immediately below the case number on all pleadings and other documents." The Docket Control Number is critical in aiding the court to identify and review the various documents filed in each bankruptcy proceeding. The Debtor did not include such a number in the Motion.

Under Rule 3012, a motion to value a secured claim must be served on the holder of the secured claim, which in this case is WFF.[1]  As reflected in this court's General Order 05-03, ¶ 3(b), which among other things governs motions to value collateral that are served with a Chapter 13 Plan, service on the holder of the secured claim must be accomplished pursuant to Rule 9014, which by reference incorporates Rule 7004.

Where notice of a motion to value collateral of a corporate entity, such as WFF, is served by mail, the moving party is to serve the motion, notice, and supporting documents, including any declaration, in the manner stated in Rule 7004(b)(3): addressed "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."[2]  Case law interpreting Rule 7004(b)(3) provides that service can be accomplished by properly addressing and dispatching first-class mail to a corporate entity's designated agent for service of process, or at the corporate entity's address of record.  See e.g. In re Villar, 317 B.R. 88 (B.A.P. 9th Cir. 2004) (motion to avoid judgment lien).  Service can also be effected at an address specified by the creditor for the bankruptcy case, including by way of the entity's Proof of Claim filed in the case.

Here, the Debtor's Certificate of Service by Mail, filed July 12, 2006, indicates that the Motion and the Notice of

---

1. Applicable rules may entitle other parties to service, such as the trustee and parties that have requested service.

2. Rule 7004 provides for alternative methods of service not commonly used in bankruptcy cases, as well as additional service requirements in particular circumstances not discussed here.

Hearing (but not the Declaration of Debtor) were served on WFF through its Bankruptcy Division, addressed to "Post Office Box 98765, Las Vegas, Nevada 98765." The records of the California Secretary of State, which can readily be searched by the public through the website at http://kepler.ss.ca.gov/list.html, indicate that several Wells Fargo Financial entities have an agent for service that is located in Sacramento, California, and that a corporate address of record is located in Des Moines, Iowa. Further, the Proofs of Claim filed by WFF in the Debtor's case state an address for service in Kansas City, Missouri.[3] The Debtor, however served the Motion only at the address in Las Vegas, which does not meet the requirements of Rule 7004(b)(3).

    Three defects thus prevent the court from granting the Motion, even though no opposition was filed: (1) the failure to use a Docket Control Number as required by Local Bankruptcy Rule 9014-1(c), (2) the failure to serve the Declaration of Debtor on WFF, as well as the Motion and the Notice of Hearing, and (3) the failure to serve WFF using at least one of the addresses, directed to the appropriate party, as stated in applicable provisions of Rule 7004.

    The court therefore will deny the Motion, without prejudice. This will enable the Debtor to file and serve a new motion to value WFF's collateral with necessary supporting documents.

Dated: Sept. 28, 2006

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

---

    3. The Proofs of Claim and any Requests for Special Notice filed in the case can be viewed at the Clerk's office.

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document on today's date to each of the parties listed below:

Office of the US Trustee
501 "I" Street, 7th Floor
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1852

Jackie Ray-Elston
3313 Gray Mare Way
Antelope, CA 95843


DATE:   SEP 28 2006

*Andrea Lovgren*
Deputy Clerk